GEORGE H. MITCHELL *vs.* CIVIL SERVICE COMMISSION.

Suffolk: February 4, 1957. — March 1, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Certiorari. Practice, Civil,* Appeal.

A certiorari proceeding could not be maintained where the petitioner
failed to show that he had suffered substantial injury or manifest in-
justice by the action sought to be reviewed. [510]

Allegations in a petition for a writ of certiorari must be disregarded if
not supported by facts set forth in the respondent's return. [511]

Findings made by the judge in a certiorari proceeding heard on the peti-
tion and the return are not part of the record before this court on an
appeal under G. L. (Ter. Ed.) c. 231, § 96. [511]

PETITION for a writ of certiorari, filed in the Superior
Court on June 16, 1954.

The case was heard by *Paquet,* J.

*George H. Mitchell,* pro se.

*Hugh Morton,* Assistant Attorney General, for the re-
spondents.

*James M. Langan & James W. Kelleher,* by leave of court,
submitted a brief as amici curiae.

SPALDING, J. This petition for a writ of certiorari is
brought against the civil service commission to quash their
action in allocating one Cronin as deputy assessor in the
city of Boston. The case appears to have been heard on
the petition, return and extended return. The judge ordered
the petition dismissed, and the petitioner appealed. G. L.
(Ter. Ed.) c. 231, § 96. See *Adamsky* v. *City Council of
New Bedford,* 326 Mass. 706, 707.

The following appears from the return as extended. On
November 10, 1951, an examination "for promotion to
deputy assessor of the Boston board of assessors" was con-
ducted by the commission. In January, 1952, one Cronin,

who took the examination, filed with the commission a request for a review of his examination grades. Following a hearing by the commission on May 6, 1952, Cronin was advised that the "entire examination . . . [had been] cancelled by vote of the commission." .

Thereafter the "director of civil service, with the approval of the . . . commission established a classification plan, effective as of April 1, 1952, for positions in the city of Boston, in accordance with the provisions of G. L. (Ter. Ed.) c. 31, § 2A (b), and on June 23 . . . Cronin was notified of allocation to the position of assistant assessor under said plan." Cronin appealed to the commission for a review of this classification by the director, and he was granted a hearing by the commission on March 25, 1953. Cronin presented evidence that he was presently performing the duties of deputy assessor and that he had done so since 1948. On March 27, 1953, the commission voted "to allocate to him the position of deputy assessor."

The petitioner contends that the act of the commission in allocating Cronin to the position of deputy assessor was beyond their power and should be quashed. It is unnecessary to set forth the arguments in support of this contention because, for another reason, the petition cannot be maintained and was rightly dismissed.

It is settled by a long line of cases that resort cannot be had to certiorari unless the action of the tribunal of which review is sought has resulted in substantial injury or manifest injustice to the petitioner. *Byfield* v. *Newton,* 247 Mass. 46, 58. *Walsh* v. *District Court of Springfield,* 297 Mass. 472, 474. *North Shore Corp.* v. *Selectmen of Topsfield,* 322 Mass. 413, 418. *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779, and cases cited. We fail to see how on this record it can be said that substantial injury has been done to the petitioner. Nothing appears in the returns which shows that he has been harmed by the action of the commission. Indeed the returns do not mention the petitioner other than to say that he has been guilty of laches. There are, to be sure, allegations in the petition to the effect that the

petitioner has been in the employ of the city of Boston since 1943 as an assistant assessor and that he took a civil service examination on November 10, 1951 (which was subsequently cancelled), for the position of deputy assessor. But such allegations, not supported by facts set forth in the respondents' return, must be disregarded. *Prusick* v. *Board of Appeal of Boston*, 262 Mass. 451, 453. The judge made findings of fact but they are no part of the record in an appeal brought here under G. L. (Ter. Ed.) c. 231, § 96.[1] *Harrington* v. *Anderson*, 316 Mass. 187, 192. We might add that even if these findings were part of the record they would not aid the petitioner, for they contain nothing relating to the above mentioned allegations. We need not decide whether, if the allegations were established, the remedy of certiorari would be available to the petitioner. We hold only that on the record before us the petitioner has not shown any basis for invoking this remedy.

*Order dismissing petition affirmed.*

---

[1] It is plain that this is an appeal under § 96 for the reason that it was taken from an order for judgment before the case was ripe for judgment. See *Klier* v. *Building Inspector of Lawrence*, 333 Mass. 111, 112–113.