SPRINGFIELD HOTEL ASSOCIATION, INC. & others *vs.*
ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Hampden.    January 7, 1959. — March 16, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*State Administrative Procedure Act. Alcoholic Liquors,* License, Alco-
holic beverages control commission. *Certiorari. License.*

Persons objecting to a transfer of a liquor license authorized by the local
licensing authority had no right under G. L. c. 138 to a hearing by the
alcoholic beverages control commission before approval of the transfer
by the commission, and in the absence of any constitutional right to
such a hearing the commission's approval was not given in an "ad-
judicatory proceeding" and was not reviewable under § 14 of the
State administrative procedure act, G. L. c. 30A, at the instance of
the objecting persons.  [701–702]
A certiorari proceeding attacking an approval by the alcoholic beverages
control commission of a transfer of a liquor license could not be main-
tained where it was not shown that the transfer immediately con-
cerned the petitioners or injured them otherwise than through business
competition.  [702–703]
This court declined to allow an amendment changing the nature of a pro-
ceeding attacking an approval of a transfer of a liquor license by the
alcoholic beverages control commission where the transferee was not
a party to the proceeding.  [703]

PETITION, filed in the Superior Court on July 26, 1957.

The case was heard by *Macaulay,* J.

*Harry M. Ehrlich,* for the petitioners.

*L. Johnson Callas,* Assistant Attorney General, (*Leo Son-
tag,* Assistant Attorney General, with him,) for the re-
spondent.

SPALDING, J.   On May 29, 1957, Court Square Cafe, Inc.
(hereinafter called Court Square), held licenses authorizing
it to conduct the business of a common victualler, and to
sell all types of alcoholic beverages to be drunk on its prem-
ises in Springfield.  See G. L. c. 140, §§ 4, 6; G. L. c. 138,
§ 12.   On that day Court Square petitioned the board of

license commissioners of Springfield for leave to transfer its licenses to American Legion Liberty Post No. 430, Incorporated (hereinafter called Legion Post). Legion Post was chartered under the provisions of G. L. c. 180, §§ 1–3, 7, and had a clubhouse in Springfield. It joined in Court Square's petition for transfer. The local licensing authorities granted the petition for transfer, subject to the approval of the alcoholic beverages control commission (hereinafter called the commission), on June 19, 1957. See G. L. c. 138, §§ 12, 23. The approval of the local licensing authorities was conditioned upon this proviso: "Granted with understanding the American Legion Liberty Post 430, Inc., Club alcoholic license will be surrendered if and when this license is approved by A. B. C. Commission." The next day the Springfield Hotel Association, Inc. (hereinafter called the association), wrote to the commission requesting a hearing on the approval of the transfer. The attorney for the association filed an appearance four days later. On June 27, 1957, the commission without hearing voted to approve the transfer.

Thereafter the association and seven individuals, all described as residents and voters and, with some exceptions, as taxpayers in Springfield, filed a petition in the Superior Court naming the members of the commission as respondents. The gravamen of this petition is that the provisions of G. L. c. 138, § 12, do not authorize the issuance of a common victualler's license and an all alcoholic beverages license, to be used in conjunction therewith, to Legion Post and that the charter of Legion Post does not authorize it to hold such licenses. The petition contains this statement, "Your petitioners, being doubtful on the facts of the case, as to whether relief should be sought by a petition for review as provided for in . . . [G. L. c. 30A, § 14] or whether it should be in the form of a petition for writ of certiorari under . . . [G. L. c. 249, § 4, as extended by G. L. c. 213, § 1A] and therefore have drawn this petition with a double aspect." The respondents demurred to the petition on various grounds, including those of multifariousness and mis-

joinder, but their demurrer was overruled,[1] and subsequently they filed a return. After a hearing, the judge dismissed the petition, both as it might be considered a petition for judicial review under G. L. c. 30A, § 14, and as it might be considered a petition for a writ of certiorari. The petitioners appealed. G. L. c. 30A, § 15. G. L. c. 214, § 19. G. L. c. 213, § 1D.

There was no error.

1. We shall first consider the petition as one for review under the State administrative procedure act. G. L. c. 30A. We have no doubt that the commission is an agency as defined in § 1 (2) of that act, and that in an appropriate case the provisions of that act dealing with judicial review would apply to the determinations of the commission, since the statute governing intoxicating liquors (c. 138) does not expressly preclude judicial review and does not provide a statutory form of judicial review or appeal. See G. L. c. 30A, § 14.

Section 14 of the act provides for judicial review of the final decisions of administrative agencies only if such decisions were reached in adjudicatory proceedings. "Adjudicatory proceeding" is defined in § 1 (1) as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." The petitioners invoke no constitutional right, and it is plain that G. L. c. 138 is the only statute applicable here. The provisions of that chapter dealing with the transfer of licenses are as follows: "Any license under this chapter held by an individual, partnership or corporation may be transferred to any individual, partnership or corporation qualified to receive such a license in the first instance, if, in the opinion of the licensing authorities, such transfer is in the public interest. If the local licensing authorities determine that an

---

[1] The correctness of this ruling is not before us, and therefore we do not consider the question of the propriety of the petition from the pleading standpoint.

individual, partnership or corporation is not entitled to a transfer as aforesaid of a license granted by them, the applicant for such transfer may appeal to the commission as if such authorities had refused to grant the license to such individual, partnership or corporation upon an original application therefor, and the decision of the commission upon such appeal shall be final." G. L. c. 138, § 23.

The decision in question here is the determination by the licensing authorities [1] whether, in their opinion, the transfer would be in the public interest. But it is clear that under the statutory scheme of c. 138 this determination would not be an adjudicatory proceeding, at least at the outset. In order to invoke the provisions for judicial review of the State administrative procedure act the petitioners must show that they had a right to an agency hearing. G. L. c. 30A, §§ 1 (1), 14. In transfer situations c. 138 confers the right to a hearing only upon the applicant for a transfer where the local licensing authorities have determined that the applicant is not entitled to a transfer. G. L. c. 138, § 23. That was not the situation here.

Since no hearing was required by any provision of law, the petitioners were not entitled to a judicial review under G. L. c. 30A, § 14. *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372. In view of this conclusion we do not reach the question whether if this was an adjudicatory proceeding the petitioners would be persons aggrieved within the purview of § 14. In so far, therefore, as the petition sought judicial review under G. L. c. 30A, § 14, it was rightly dismissed.

2. We turn now to a consideration of the petition as one for a writ of certiorari. A petition for a writ of certiorari will not be granted unless action of the tribunal of which review is sought has resulted in substantial injury or manifest injustice to the petitioner. *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.*, *ante*, 450, 459, and cases cited therein. *Mitchell* v. *Civil Serv. Commn.* 335

---

[1] General Laws c. 138, § 1, defines "[l]icensing authorities" as "the commission or the local licensing authorities, or both, as the case may be."

Mass. 509, 510. The petition in the case at bar does not specify any immediate concern the petitioners may have had with the transfer. The only allegation of injury in the petition states: "Your petitioners aver that the approval by the respondent of the transfer as herein before set forth, permits the invasion by a non-tax paying commercial endeavor, and brings it into unfair competition with some of the petitioners, who are compelled to pay taxes for the privilege of maintaining their places of business, thereby making the permission discriminatory in nature."

There is no showing that the individual petitioners were injured in any manner by the transfer. The phrase "some of the petitioners" doubtless refers to the association whose purposes are described in the petition as "to protect the interests of its constituent members, both economically and ethically. . . ."

The fact that a petitioner may suffer from business competition gives him no standing. *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 429.

3. Finally the petitioners, in the event that they cannot maintain their petition under c. 30A, § 14, or in certiorari, ask leave to amend their petition into a petition for a writ of mandamus. G. L. c. 213, § 1C. This request is grounded on the assertion that G. L. c. 138, § 12, properly construed, does not authorize the issuance of an all alcoholic beverages license to an organization of the character of Legion Post. In seeking to proceed in mandamus the petitioners invoke the doctrine of *Brewster* v. *Sherman,* 195 Mass. 222, 224. We need not decide whether that doctrine would be applicable here because in the present posture of the case we are convinced that it ought not to be disposed of by permitting the amendment requested. Legion Post, which has an important interest in the challenged licenses, is not before the court and its rights ought not to be affected in a proceeding in which, so far as appears, it has had no opportunity to intervene and be heard. See *Martin* v. *Smith,* 280 Mass. 101, 106.

4. The petitioners' requests for rulings do not require discussion other than to say that the action of the judge with respect to them reveals no error.

5. The order dismissing the petition must be affirmed.

*So ordered.*