CITY BANK & TRUST COMPANY *vs.* BOARD OF BANK
INCORPORATION
(and a companion case).

Suffolk.    April 3, 1963. — May 3, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*State Administrative Procedure Act. Trust Company,* Branch office.
*Board of Bank Incorporation. Administrative Matter. Certiorari.*
*Words,* "May," "Shall."

A hearing by the board of bank incorporation on an application by a trust
company for leave to establish a branch office is not mandatory under
G. L. c. 172, § 11 (a), as appearing in St. 1961, c. 493, § 1, and the deci-
sion of the board on the application is not made in an "adjudicatory
proceeding" and so is not reviewable under § 14 of the State Administra-
tive Procedure Act, G. L. c. 30A. [31–32]

A decision by the board of bank incorporation on an application by a trust
company for leave to establish a branch office under G. L. c. 172,
§ 11 (a), as appearing in St. 1961, c. 493, § 1, is an administrative deci-
sion not subject to judicial review as to the merits by certiorari or
otherwise. [32]

Two PETITIONS filed in the Superior Court on June 22,
1962.

The cases were heard by *DeSaulnier,* J.

*Edward T. Martin,* Assistant Attorney General, for the
respondent.

*Henry Gesmer* (*Rudolph Kass* with him) for the peti-
tioner.

WILKINS, C.J.   These are two petitions brought in the
Superior Court by a Massachusetts banking corporation
with its principal office at 175 Washington Street, Boston,
against the board of bank incorporation, which consists of
the State Treasurer, the Commissioner of Banks, and the
Commissioner of Corporations and Taxation.   G. L. (Ter.
Ed.) c. 26, § 5.   The first petition is for a review under
G. L. c. 30A (the State Administrative Procedure Act) of a
decision of the board denying the petitioner's application

to establish a branch office in Boston pursuant to G. L. c. 172, § 11 (a) (as amended through St. 1961, c. 493, § 1). The second petition is for a writ of certiorari to quash that decision.

THE PETITION UNDER THE STATE
ADMINISTRATIVE PROCEDURE ACT.

The petitioner seeks to establish a branch office at 80 Mason Street, Boston. Its application was denied by the board of bank incorporation by a vote of two to one. A judge of the Superior Court entered a decree ordering (1) that the decision of the board be set aside ''because the agency's decision is unsupported by substantial evidence and unwarranted by facts found by the Court on the record as submitted''; and (2) that the board be ordered to approve the application. The board appealed. The judge filed findings of fact and rulings of law.

The board held a hearing on June 20, 1962, following a notice published in a Boston newspaper. The petitioner presented exhibits consisting of maps and 1,110 letters from customers and 880 letters from prospective customers, indicating that if the branch should be established and operated they would utilize it for all their banking needs. No evidence was presented indicating that the location at 80 Mason Street was not convenient for the banking public. By letter dated on the day of the hearing the board notified the petitioner that its application had been denied, stating ''The majority of the Board was not satisfied that the proposed location was a suitable one for the convenience of the banking public.''

In his rulings the judge referred to *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, also a petition purportedly under G. L. c. 30A, which sought review of a decision of the board granting an application for leave to establish a branch office in another town in the same county. We held that there was no adjudicatory proceeding because neither constitutional right nor statute required the board to give a hearing. See G. L. c. 30A, §§ 1 (1), 14; c. 172, § 45

(as amended through St. 1946, c. 87, § 2). We also held that the board could satisfy itself on this matter of governmental policy in any way it might (p. 617).

The *Natick Trust Co.* decision was in 1958. By St. 1961, c. 493, § 1, there was a complete revision of G. L. c. 172, relating to trust companies. The portion of G. L. c. 172, § 45 (as amended through St. 1946, c. 87, § 2),[1] which was material to the *Natick Trust Co.* case, became G. L. c. 172, § 11 (a). The corresponding portion of the new section, which the judge quoted, reads, "After such notice and hearing as the board may prescribe, a trust company may, with the approval of the board, establish and operate one or more branch offices in the city or town where its principal office is located, or in any other city or town in the same county having no commercial banking facilities or having banking facilities which, in the opinion of the board, are inadequate for the public convenience."

The judge ruled that "in the light of the statutory history of Chapter 172, section 11, it would appear that a sound judicial interpretation of the reference to notice and hearing would make a hearing mandatory and that the word 'may,' in section 11, would only apply as to the manner of the notice and hearing that is to be given by the respondent board of bank incorporation." This was error. The word "may" appears twice in the quoted portion of § 11 (a). It appears nine times in the remainder of § 11, always in a clearly permissive sense. The word "shall" also appears in § 11. It is clear that "may" was used in its normal sense, and is to be given the same meaning wherever used in § 11. *Booma* v. *Bigelow-Sanford Carpet Co. Inc.* 330 Mass. 79, 82, and cases cited. *Randall's Case,* 331 Mass. 383, 386. The distinction between "may" and "shall" is not lightly to be held to have been overlooked in legislation. *Brennan* v. *Election Commrs. of Boston,* 310 Mass. 784, 786. *Cline*

---

[1] "Any such corporation may, with the approval of the board of bank incorporation, establish and operate one or more branch offices in the town where its main office is located, or in any other town within the same county having no commercial banking facilities or having banking facilities which, in the opinion of said board, are inadequate for the public convenience."

v. *Cline*, 329 Mass. 649, 652. Chapter 172, as amended, is a very long statute of seventy-six sections and occupies twenty-seven pages in the statute book. Statute 1961, c. 493, also amends numerous sections of many other statutes.[1] The conclusion that the purpose of the new enactment was to amend G. L. c. 172, § 45, so as to avoid the decision in the *Natick Trust Co.* case cannot be supported.

Nor is it to be readily assumed that the Legislature intended that a board consisting of one State constitutional officer and two commissioners of departments should be subordinated to the courts in its determination of this sort of question. What was said in the *Natick Trust Co.* case, *supra*, 617, is still true: "This was a political question, one of governmental policy peculiarly for the determination of an administrative department."

*Decree reversed.*
*Petition dismissed.*

THE PETITION FOR A WRIT OF CERTIORARI.

This petition was dismissed, and the petitioner appealed. G. L. c. 213, § 1D (as amended through St. 1957, c. 155). While it obviously was dismissed because of the supposed existence of a remedy under G. L. c. 30A, the result was right. The case is completely governed by *Natick Trust Co.* v. *Board of Bank Incorporation*, 337 Mass. 615, which we considered in one aspect as if it had been a petition for a writ of certiorari (p. 617).

*Order affirmed.*

---

[1] G. L. c. 62, § 1 (a); c. 63, §§ 11, 13; c. 110A, § 4 (e); c. 121, §§ 8A, 26HH; c. 121A, § 7; c. 167, §§ 11, 16, 18, 20, 24, 45A, 51; c. 168, §§ 38, 51, 73; c. 169, § 3; c. 170, § 26, cl. 5; c. 171, §§ 3, 24 (A), cl. 5; c. 172A, §§ 6A, 12A; c. 175, § 80; c. 176, § 40; c. 176B, § 10; c. 194, § 5; c. 200, § 8; c. 201, § 48A; St. 1959, c. 31, § 7.