FIRST NATIONAL BANK OF CAPE COD *vs.* BOARD OF BANK
INCORPORATION & another.

Suffolk.    January 5, 1972. — March 10, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*Trust Company,* Branch office. *Board of Bank Incorporation.   State
Administrative Procedure Act.   Administrative Matter.   Equity
Jurisdiction,* Declaratory relief.

A decision of the Board of Bank Incorporation granting the petition
of a bank to establish a branch bank was a policy question pecu-
liarly for the determination of an administrative department and
was not subject to judicial review under the State Administrative
Procedure Act, nor was it reviewable under G. L. c. 231A.  [382–383]
The Board of Bank Incorporation when granting the petition of a
bank to establish a branch bank was not required under G. L.
c. 172, § 11 (a), to make formal subsidiary and ultimate findings of
fact; it was implicit in the board's decision that the banking facil-
ities in the place where the branch bank was to be located were
inadequate.  [383–384]

BILL IN EQUITY filed in the Superior Court on Septem-
ber 30, 1970.

The suit was heard by *Kalus,* J.

*Harold Lavien (Carl E. Axelrod* with him) for First
National Bank of Cape Cod.

*Thomas J. Kelly* for Cape Cod Bank and Trust Com-
pany.

*Robert J. Condlin,* Assistant Attorney General, for
Board of Bank Incorporation.

REARDON, J.   This bill brought under G. L. c. 231A by
the First National Bank of Cape Cod (the First) seeks a
binding declaration that the defendant Board of Bank
Incorporation (the board) committed error in granting
the petition of the defendant Cape Cod Bank and Trust
Company (Cape Cod Bank) "to establish and operate a
branch office in . . . Provincetown."   The petition of the
Cape Cod Bank was opposed by the First at a hearing

before the board on June 25, 1970, at which evidence was presented by both banks. On August 11, 1970, the clerk of the board informed the First by a letter addressed to its counsel that "[a]t an Executive Session of the Board of Bank Incorporation held on August 7, 1970, it was voted to grant authority to the Cape Cod Bank, . . . Hyannis, . . . to establish a branch office to be located on Shank Painter Road near the intersection of Route 6, Provincetown, Massachusetts." The board made no written subsidiary or ultimate findings.

The plaintiff brought this bill in the Superior Court alleging that the action of the board was arbitrary and capricious since there was no evidence before it "on which a finding of inadequate banking facilities for the public convenience in Provincetown would have been warranted and, in fact, no such finding was made."

The board and the Cape Cod Bank filed pleas in bar based on the theory that there was evidence before the board upon which it could have "based an opinion" that the bank facilities were inadequate. Disposition of the pleas in bar was postponed pending a hearing on the merits.

The judge, after hearing, ruled that "the Board need not state explicitly that it 'finds existing banking facilities in the town of Provincetown inadequate for the public convenience.' Taken in the context of the facts of this case, such a finding is implicit in the letter of approval . . . sent by the Board. . . . G. L. c. 172, § 11 (a), makes the Board the sole arbiter of the existence of inadequate banking facilities. The Board's decision cannot be attacked on its merits, and the quantum of evidence supporting the decision cannot be re-evaluated. The Board could satisfy itself on the issue of inadequate banking facilities in any manner it might choose."

The findings and rulings made by the judge were adopted as his report of material facts. The plaintiff appeals from the final decree reflecting the findings and rulings.

1. The plaintiff contends that if the banking facilities

361 Mass. 381                                           383

First National Bank of Cape Cod. *v.* Board of Bank Incorporation.

in Provincetown were in fact adequate the board acted beyond its statutory authority [1] in granting the application of the Cape Cod Bank. We have held in *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 617, and *City Bank & Trust Co. v. Board of Bank Incorporation,* 346 Mass. 29, 32, that the adequacy of community banking facilities, tested in terms of public convenience, is "a political question, one of governmental policy peculiarly for the determination of an administrative department." The matter is not subject to judicial review under G. L. c. 30A, the State Administrative Procedure Act, since neither constitutional right nor statute requires the board to give a hearing. We decline to hold that G. L. c. 231A confers jurisdiction on the court to review the board's action on this question. Compare *South Shore Natl. Bank* v. *Board of Bank Incorporation,* 351 Mass. 363.

2. A second question raised by the plaintiff is whether the board was required by the statute, G. L. c. 172, § 11 (a), to make formal written subsidiary and ultimate findings of fact. It is argued that the statute requires an express finding of inadequacy, and action taken without first making such a finding is beyond the scope of the statute. We think the argument lacks merit. We have noted that the *Natick Trust Co.* case, which involved as here an application for a branch in a town other than that in which the bank's principal office was located but in the same county, made it clear that the statute [2] did not

---

[1] General Laws c. 172, § 11 (a), as amended by St. 1966, c. 200, § 2, provides: "After such notice and hearing as the board may prescribe, a trust company may, with the approval of the board, establish and operate one or more branch offices in the city or town where its principal office is located, or in any other city or town in the same county having no commercial banking facilities or having banking facilities which, in the opinion of the board, are inadequate for the public convenience."

[2] The statute referred to in the *Natick Trust Co.* case was G. L. c. 172, § 45. General Laws c. 172 was completely revised by St. 1961, c. 493, § 1. The portion of G. L. c. 172, § 45, material to the *Natick Trust Co.* case became G. L. c. 172, § 11 (a). In *City Bank & Trust Co.* v. *Board of Bank Incorporation,* 346 Mass. 29, 32, we held that the amendment was not intended to avoid the holding in the *Natick Trust Co.* case.

require an adjudicatory proceeding. The plaintiff argues that the board has the obligation of first finding (prior to approval of the application) that in its opinion the bank facilities are inadequate. However, we agree with the judge that this was implicit in the board's letter of approval which it dispatched to the plaintiff's attorney. Any requirement of express findings would serve no useful purpose, although appropriate records of any votes taken at its meetings should be maintained by the board and notification of formal action should reflect those votes.

3. The defendant board has requested us to consider whether the pleas in bar were the proper procedural responses to this attempt to seek judicial review of the board's action. Since resolution of this question is not necessary to our decision, and since the plaintiff's bill is framed in such a way as to make resolution difficult without full argument and briefs, we decline to discuss it.

*Decree affirmed.*