PILGRIM CO-OPERATIVE BANK *vs.* COMMISSIONER OF BANKS & another.[1] January 2, 1976.   These are appeals from a dismissal with prejudice ordered by a Superior Court judge of a complaint seeking review under G. L. c. 30A, the State Administrative Procedure Act, and a complaint seeking declaratory relief under G. L. c. 231A.   Both actions alleged error in that the defendant Commissioner of Banks granted the petition of the defendant Quincy Co-operative Bank for authority to establish and operate a branch office in the town of Cohasset.   After actual notice to the plaintiff and other banks and persons, the Commissioner held a hearing at which numerous banks and individuals were represented.   The plaintiff bank and defendant bank were permitted to file briefs consisting of documentary evidence and arguments on the merits of the petition. Thereafter the Commissioner granted the petition and the plaintiff commenced the two actions which are here on appeal.   A copy of the record of the proceedings before the Commissioner, including the briefs received

---

[1] The Quincy Co-operative Bank.

by her at the hearing, is before us. There was no error. The complaints under G. L. c. 30A and G. L. c. 231A must be dismissed because the Commissioner's decision is not subject to judicial review. Compare G. L. c. 170, § 12, with G. L. c. 172, § 11 (*a*). *First Nat'l Bank* v. *Board of Bank Incorporation,* 361 Mass. 381, 382-383 (1972). *City Bank & Trust Co.* v. *Board of Bank Incorporation,* 346 Mass. 29, 32 (1963). *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 616-617 (1958). Cf. *Johnson Prods. Inc.* v. *City Council of Medford,* 353 Mass. 540, 545, appeal dismissed and cert. denied, 392 U.S. 296 (1968); *Springfield Hotel Ass'n* v. *Alcoholic Beverages Control Comm'n,* 338 Mass. 699, 701-702 (1959); *Hayeck* v. *Metropolitan Dist. Comm'n,* 335 Mass. 372 (1957). See also *Camp* v. *Pitts,* 411 U.S. 138, 140-142 (1973) (per curiam); *First Nat'l Bank* v. *First Fed. Sav. & Loan Ass'n,* 225 F.2d 33, 36 (D.C. Cir. 1955) (alternative holding). The case of *South Shore Nat'l Bank* v. *Board of Bank Incorporation,* 351 Mass. 363 (1966), relied on by the plaintiff, is distinguishable by reason of the peculiar issues which were there presented for review. Further, there is no merit to the plaintiff's contention that a denial of judicial review is a violation of its right to due process of law. See *Newton* v. *Joyce,* 166 Mass. 83, 84 (1896); *Reetz* v. *Michigan,* 188 U.S. 505, 507-508 (1903); *Studna* v. *United States,* 225 F. Supp. 973, 981 (W.D. Mo. 1964); *United States* v. *Wiley's Cove Ranch,* 181 F. Supp. 371, 380 (W.D. Ark. 1960), aff'd 295 F.2d 436, 439-441 (8th Cir. 1961); 1 Am. Jur. 2d Administrative Law §§ 155, 557-558, 568 (1962). Cf. *Lindsey* v. *Normet,* 405 U.S. 56, 77 (1972).

*Judgments affirmed.*

*Charles J. Humphreys* for Pilgrim Co-operative Bank.

*Michael Eby,* Deputy Assistant Attorney General, for the Commissioner of Banks.

*William A. Mather* for The Quincy Co-operative Bank.