CASA LOMA, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL
COMMISSION.

Plymouth. January 3, 1979.-February 5, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Statute,* Construction. *Alcoholic Beverages Control Commission. Alcoholic Liquors,* License, Alcoholic Beverages Control Commission. *State Administrative Procedure Act.*

The hours of an alcoholic beverage licensee during the periods from 8 A.M. to 11 A.M. and from 11 P.M. to 2 A.M. are a matter solely of local control, and the Alcoholic Beverages Control Commission had no jurisdiction of a licensee's appeal from the decision of a town's board of selectmen decreasing the licensee's hours to a period from 11 A.M. to 12 P.M. daily. [232-235]

CIVIL ACTION commenced in the Superior Court on March 24, 1977.

The case was heard by *Cratsley*, J., a District Court judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Anthony P. Sager*, Assistant Attorney General, for the defendant.

*J. Russell Hodgdon* for the plaintiff.

WILKINS, J. On February 7, 1977, after a hearing, the board of selectmen of East Bridgewater (board) voted to "modify" the alcoholic beverage license of the plaintiff Casa Loma, Inc. (Casa Loma), by decreasing the hours during which Casa Loma could sell alcoholic beverages to a period from 11 A.M. to 12 P.M. daily.[1] The board stated

---

[1] The previous hours authorized by the board permitted such sales from 8 A.M. to 1 A.M. daily, and to "2:00 A.M., Fridays." We suspect that "2:00 A.M., Fridays" actually meant 2 A.M. on Saturdays.

its reasons for the decrease in hours as (1) "[t]he frequency of the arrests, disturbances, and incidents, requiring police involvement, that occurred inside and outside the licensed premises during the year 1976," and (2) "[t]he number of times and hours the town cruiser or cruisers were detailed to the licensed premises and not available for other public needs during the year 1976."

Casa Loma filed an appeal to the Alcoholic Beverages Control Commission (commission), relying on G. L. c. 138, § 67. Without a hearing, the commission denied the "appeal petition," stating that it had ruled in the past that its jurisdiction is limited to the hours of 11 A.M. to 11 P.M., and that "[t]he extension or decreasing of hours beyond 11:00 A.M. to 11:00 P.M. is a matter of local option and reserved by statute to local authorities."[2]

Casa Loma appealed the commission's decision to the Superior Court, purportedly pursuant to G. L. c. 30A, § 14. It moved for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), for a determination that the commission had jurisdiction of the appeal. The judge ruled that the commission had jurisdiction to entertain Casa Loma's appeal pursuant to G. L. c. 138, § 67,[3] and ordered the commission to do so. The commission in turn appealed, and we granted its application for direct appellate review. We reverse the judgment.

Casa Loma's argument that the commission had jurisdiction is straightforward. Section 67 of G. L. c. 138, as amended through St. 1971, c. 477, § 4, provides in part that "any person who is aggrieved by the action of... [the local licensing] authorities in *modifying*, suspending, cancelling, revoking or declaring forfeited ... [a license], may appeal therefrom to the commission" (emphasis sup-

---

[2] By various orders of court, the effect of the board's order decreasing Casa Loma's hours for the sale of alcoholic beverages has been stayed throughout this litigation.

[3] The judge took note of two other Superior Court cases in which the commission's position on jurisdiction had prevailed.

plied). Casa Loma says that the board's action in decreasing its hours was a modification of its license. It points to the board's vote "to modify" the license by decreasing Casa Loma's authorized hours for the sale of alcoholic beverages.

The commission's argument, which we accept, is more complicated. It relies on the statutory development of § 12 of G. L. c. 138 to show that the action taken by the board was not a modification of the character referred to in G. L. c. 138, § 67, which authorizes appeals. The first sentence of the sixth paragraph of G. L. c. 138, § 12, as amended through St. 1973, c. 477, which is set forth in the margin,[4] provides that the local licensing authorities shall fix the hours during which sales of alcoholic beverages may be made by any licensee, either by a general determination as to all licensees or specially for each licensee. Sales are forbidden, however, on any secular day between 2 A.M. and 8 A.M., but must be permitted, except on certain days (see G. L. c. 138, § 33), between 11 A.M. and 11 P.M. The second sentence of the sixth paragraph of § 12, as amended through St. 1973, c. 477, which is set forth in the margin,[5] provides that a local licensing au-

---

[4] Statute 1973, c. 477, left unchanged the 1972 amendment (St. 1972, c. 138), which reads as follows: "The hours during which sales of such alcoholic beverages may be made by any licensee as aforesaid shall be fixed by the local licensing authorities either generally or specially for each licensee; provided, that no such sale shall be made on any secular day between the hours of two and eight o'clock antemeridian and that, except as provided in section thirty-three, no such licensee shall be barred from making such sales on any such day after eleven o'clock antemeridian and before eleven o'clock postmeridian and no tavern shall be kept open on any such day between one o'clock antemeridian and eight o'clock antemeridian; and provided further, that any such licensee and his employees may remain on the licensed premises for one hour after the closing hour fixed by the local licensing authority for the purpose of closing the business in an orderly manner."

Later amendments to this sixth paragraph have no bearing on the issues in this case. See St. 1977, c. 812; St. 1977, c. 929, § 2.

[5] "The licensing authority shall not decrease the hours during which sales of such alcoholic beverages may be made by any licensee until after a public hearing concerning the public need for such de-

thority may decrease the hours during which alcoholic beverages may be sold only after a "public hearing concerning the public need for such decrease."

The commission argues that the 1973 amendment to § 12 would have been unnecessary if the action of a local licensing authority in decreasing a licensee's hours were a modification of a license. Section 23 of G. L. c. 138 already provided for an opportunity for a hearing prior to the modification of a license. See also G. L. c. 138, § 64. If decreasing the hours of a licensee was a modification of its license within the meaning of § 23, the 1973 amendment to § 12 (calling for a hearing prior to such a decrease) was supererogatory. It is a common tenet of statutory construction that, wherever possible, no provision of a legislative enactment should be treated as superfluous. See *Negron* v. *Gordon*, 373 Mass. 199, 205 (1977); *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967).

We conclude that the hours of a licensee during the periods from 8 A.M. to 11 A.M. and from 11 P.M. to the statutorily mandated closing time (2 A.M. as to restaurants) are a matter solely of local control, subject only to judicial review of a local authority's failure to give a proper hearing. The local authorities may decrease hours when there is a "public need for such decrease." G. L. c. 138, § 12. We discern a legislative intention to permit unreviewable policy considerations to govern the availability of "extra" hours for licensees.

Licenses may be modified for failure to comply with G. L. c. 138. In this case, the reasons given by the board for its decision to decrease Casa Loma's hours are not necessarily indications that Casa Loma had violated any provision of G. L. c. 138. If, under §§ 23 and 64, local authorities may modify a license only for a violation of a condition of the license, or of G. L. c. 138, or of any law

crease; provided, that any licensee affected by such change shall be given two weeks notice of such public hearing."

of the Commonwealth, a decrease in hours must be something other than a modification because such a decrease is authorized even in the absence of such violations.[6]

In reaching this result, we have given some weight to the commission's determination that it lacked jurisdiction. It appears that the commission has consistently maintained that position.[7] The commission's interpretation is entitled to some weight in resolving an ambiguity in a statute it is charged with administering. See *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 515-516 (1975); *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 344-345 (1964).

Because the commission had no statutory authority to hear Casa Loma's appeal,[8] there was no adjudicatory proceeding before it (see. G. L. c. 30A, § 1), and thus Casa Loma had no right under G. L. c. 30A, § 14, to appeal the commission's decision to the Superior Court. See *School Comm. of Hatfield* v. *Board of Educ.*, 372 Mass. 513, 516 (1977); *Springfield Hotel Ass'n* v. *Alcoholic Beverages Control Comm'n*, 338 Mass. 699, 702 (1959). The judgment of the Superior Court is reversed, and judgment shall be entered dismissing the appeal to the Superior Court.

*So ordered.*

---

[6] Casa Loma's appeal to the commission alleged that there was no "credible evidence introduced which could support a finding of any violation of law by [it]." But, as we have said, that may be irrelevant to the question whether the local authority should decrease a licensee's hours under the power granted by G. L. c. 138, § 12.

[7] See note 3, *supra.*

[8] Casa Loma does not argue that it had a constitutional right to a hearing before the commission.