PROFILE LOUNGES, INC. & another[1] *vs.* ALCOHOLIC
BEVERAGES CONTROL COMMISSION.

Suffolk.  March 20, 1979. — April 23, 1979.

Present: BROWN, GREANEY, & KASS, JJ

*Alcoholic Beverages Control Commission. Alcoholic Liquors,* License.

Action of a local licensing authority reducing the hours within which
a licensee might sell alcoholic beverages was not a modification of
a license issued under G. L. c. 138, and the licensee's purported
appeal to the Alcoholic Beverages Control Commission was without
statutory authority. [453-454]

CIVIL ACTION commenced in the Superior Court on
June 23, 1976.

The case was heard by *Garrity, J.*

The case was submitted on briefs.

*Henry Paul Monaghan* for the plaintiffs.

*John F. Hurley,* Assistant Attorney General, for the
defendant.

*Thomas F. McKenna,* Special Assistant Corporation
Counsel, for the Boston Licensing Board, amicus curiae.

*Joseph H. B. Edwards,* pro se, amicus curiae.

KASS, J. The Boston Licensing Board (board), by orders
dated January 29, 1976, shortened by two hours the time
during which the plaintiffs, who operated nightclubs in
the Bay Village section of Boston, might sell alcoholic
beverages. These hours were curtailed from 2:00 A.M. to
12:00 midnight. From the board's orders the plaintiffs
purported to appeal pursuant to G. L. c. 138, § 67, as
amended through St. 1971, c. 477, § 4, to the Alcoholic
Beverages Control Commission (commission), resting ju-

---

[1] Colonial Tavern, Inc.

risdiction on the theory that a reduction in hours constitutes a modification of an alcoholic beverages license. The Superior Court correctly dismissed the action. A reduction in hours is not a modification of a license issued under G. L. c. 138. *Casa Loma, Inc.* v. *Alcoholic Beverages Control Comm.*, 377 Mass. 231, 234 (1979). That case held that the hours of operation of a licensee from 8:00 A.M. to 11:00 A.M. and from 11:00 P.M. to 2:00 A.M.[2] are a matter of local control, subject only to judicial review of a local licensing authority's failure to give a proper hearing. Thus, the plaintiffs' appeals to the commission were without statutory authority, there was no adjudicatory proceeding before the commission, and, therefore, the plaintiffs could not appeal from the commission's decision to the Superior Court under G. L. c. 30A, § 14, as they have attempted to do.

The plaintiffs have argued that in some circumstances, and in the circumstances of these cases (which were presented in the Superior Court in a single petition for review under G. L. c. 30A, § 14), a reduction in hours is tantamount to a revocation of license. *Casa Loma* decided that the hours of operation of a liquor licensee are a local option question. It would defeat the statutory scheme, in which the court in *Casa Loma* discerned a legislative intention to permit unreviewable policy considerations to govern, to carve out a special class of "de facto license revocations." Every licensee who suffered a cut in business hours would infallibly claim that in his case the wound was mortal. Nor do we perceive any reason why the considerations which guide a local licensing authority in the setting of permissible hours for business, notably the effect on the surrounding neighborhood, should give way to the economic considerations of a licensee.

*Judgment affirmed.*

---

[2] This is the closing hour mandated by G. L. c. 138, § 12, as amended through St. 1977, c. 929, § 2.