ROBERT S. LARGESS & others *vs.* NORE's, INC. & another.

Worcester.    September 27, 1960. — November 17, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Alcoholic Liquors,* Transfer of location, Alcoholic Beverages Control Commission.

Where the Alcoholic Beverages Control Commission, on an appeal under G. L. c. 138, §§ 23, 67, from a denial by the local licensing authority of an application by a package store licensee for a transfer of location, issued a decision approving the transfer and remanding the matter to the local licensing authority for further action within a stated time, but the local licensing authority failed to take any action within that time, the commission had exhausted its power with respect to the matter and had no jurisdiction to entertain a reappeal attempted by the licensee thereafter, and a decision by the commission in favor of the licensee on the purported reappeal was a nullity.

BILL IN EQUITY, filed in the Superior Court on April 29, 1960.

The suit was reported by *Dewing, J.*

*James W. Kelleher,* for the plaintiffs.

*Seymour Weinstein,* for the defendants.

*Richard H. Gens,* Assistant Attorney General, for Alcoholic Beverages Control Commission.

WILLIAMS, J.   This is a bill in equity brought under G. L. c. 139, § 16A, by more than ten legal voters of the city of Worcester to abate a nuisance at 393 Chandler Street resulting from the alleged unlicensed maintenance of a package store for the sale of alcoholic beverages by the defendant Whitman's Model Creamery, Inc., the owner, and the defendant Nore's, Inc., the occupant of the premises. The Alcoholic Beverages Control Commission has been allowed to intervene.   The parties filed an agreement as to the material facts and a judge of the Superior Court at their request reported the case without decision upon the bill, the answers, and the statement of agreed facts to this court.

These agreed facts are as follows: "Nore's, Inc., is a Massachusetts corporation which has held a package store license for the sale of all alcoholic beverages not to be consumed on the premises since 1935, which liquor license has been renewed from year to year since then.   The location provided for in the . . . license as of January 1, 1959, was 155–159–161 Water Street in the City of Worcester.   On December 28, 1959, . . . Nore's, Inc., applied to the License Commission for the City of Worcester for transfer of said location to 393 Chandler Street in said Worcester, which application, following hearing, was denied by said License Commission . . . .   Within five days thereafter the defendant, Nore's, Inc., did appeal to the Alcoholic Beverages Control Commission (hereafter referred to as 'Commission') in accordance with the provisions of § 23, c. 138 of the General Laws.   On March 1, 1960, following the hearing held by the Commission upon such appeal, due notice having been given to all interested parties, the Commission did render a decision . . . wherein the Commission decided Nore's, Inc., should be permitted to transfer its license to said 393 Chandler Street and did remand the application to the Board of License Commissioners for the City of Worces-

ter, '. . . for further action as recommended in this decision, said action to be taken within five days after receipt of this decision.'

". . . The License Commissioners for the City of Worcester failed to take any action in accordance with the aforesaid decision of said Commission within five days after the receipt by the License Commissioners . . . of the Commission's decision. On March 11, 1960, . . . Nore's, Inc., filed with said Commission a reappeal. . . . The Commission, after hearing, due notice being given to all interested parties, rendered a decision affirming its prior decision in this matter and further providing as follows: '. . . we order you, the Board of License Commissioners of Worcester, to approve the transfer, and transfer the license for the sale of all alcoholic beverages, not to be drunk on the premises (G. L. c. 138, § 15) held by Nore's, Inc., from 155–159–161 Water Street to a new location at 393 Chandler Street, Worcester, on or before Tuesday, April 12, 1960. Otherwise this Commission will approve and transfer said license itself.'

". . . The License Commissioners . . . failed to take any action with respect to said transfer on or before April 12, 1960. On April 13, 1960, said Commission issued to the defendant, Nore's Inc., a document which reads as follows: 'Alcoholic Beverages Control Commission. This amends and is part of License No. 60–37 issued to Nore's, Inc. (Morton White, Mgr.) 155–159–161 Water Street, Worcester, 1st day of January A. D. 1960. Amended Transfer of address of Nore's, Inc., Morton White, Mgr. from 155–159–161 Water Street to 393 Chandler Street, Worcester, this day April 13, 1960. . . .' "

The question for decision is whether the commission, after denial by the local licensing board of an application by Nore's, Inc., for a transfer of its license to 393 Chandler Street, legally authorized the transfer. The right of a licensee to appeal from a decision by the local licensing authorities as to the transfer of a license to another location is governed by G. L. c. 138, § 23, as amended. "Any license issued under this chapter may, upon application by the

holder thereof to the licensing authorities issuing the same, be transferred from one location to another, but no new license fee shall be required. A transfer of location of a license issued by the local licensing authorities shall be subject to the prior approval of the commission. . . . If the local licensing authorities of any city or town refuse to grant or fail to act upon an application for a transfer of location of any license as authorized by this section, the applicant therefor may appeal to the commission under section sixty-seven in the same manner as though such authorities had refused to grant or failed to act upon an application for an original license under this chapter, and all the provisions of said section shall apply to such an appeal. . . ."

Section 67, as amended, provides that any applicant for a license who is aggrieved by the action of the local licensing authorities in refusing to grant the same may appeal therefrom to the commission within five days following notice of such action. "If the commission approves the action of the local licensing authorities it shall issue notice to them to that effect, but if the commission disapproves of their action it shall issue a decision in writing advising said local authorities of the reasons why it does not approve, and shall then remand the matter to the said local authorities for further action. The commission shall not in any event order a license to be issued to any applicant except after said applicant's application for license has first been granted by the local authorities. . . . After receipt by the local licensing authorities of a decision from the commission as set forth in the third paragraph hereof [which is above quoted], any applicant for renewal of a license or any licensee who is aggrieved by the action of the local licensing authorities modifying, cancelling, revoking or declaring forfeited a license or failing to issue a license, which would in effect renew for one year a license held during the previous year by the applicant may, if the said local licensing authority fails within five days after receipt of said decision to take the action recommended therein, again appeal to the commission, upon petition in writing setting forth all the

material facts in the case. In the event of such reappeal, the commission shall hold a hearing on such reappeal, requiring due notice to be given to all interested parties. If the commission, on such reappeal approves the action of the local licensing authorities, it shall issue notice to them to that effect, but if the commission disapproves their action, it shall issue a decision in writing advising said local authorities of the reasons why it does not approve. This decision of the commission on reappeal shall be final . . . ."

The provision that the aggrieved licensee may appeal from the local board's denial of its application for transfer in the same manner as in the case of the denial of an application for an original license means "by similar proceedings, so far as such proceedings are applicable to the subject matter." *Phillips* v. *County Commrs. of Middlesex*, 122 Mass. 258, 260. Where the "similar proceedings" are taken on the denial of an application for an original license the commission cannot order the license issued over an adverse decision by the local authorities. All that the commission can do is to remand the matter to the local authorities for further action. The commission did this in the present case and the local board thereafter failed to take further action within the required time of five days. The commission's power was exhausted and its subsequent actions were of no legal effect. It is urged that the licensee could reappeal, in which event the commission could order transfer of the license; but the right to reappeal is granted only to a licensee who is aggrieved by the action of the local authorities modifying, cancelling, revoking or declaring forfeited a license or failing to issue a license held during the previous year. Nore's, Inc., was in none of these categories. It follows that the commission had no jurisdiction over the attempted reappeal.

As it appears that the defendants are now using without authority the premises at 393 Chandler Street for the "storage and sale of all alcoholic beverages in the ordinary course of a package store operation" a final decree shall be entered abating the resulting nuisance. G. L. c. 139, § 16A.

*So ordered.*