RICHARD G. ENGEL vs. CITY OF QUINCY. May 31, 1962. Exceptions overruled. This is an action of tort to recover under G. L. c. 84, § 15, for injuries resulting from an alleged defect in a public way. The case was referred to an auditor under the usual rule, and he found for the plaintiff. Thereafter the case was tried to a judge solely on the auditor's report, and he found for the plaintiff. The defendant contends that the plaintiff failed to prove that the accident occurred on a public way. The auditor found "that the defect and want of repair of the sidewalk in the case was due to the negligence of the city." By agreement of counsel the judge was furnished a transcript of the evidence heard by the auditor, and he concluded that the "auditor was justified in regarding as admitted by the defendant city that the location of the alleged defect was on a public way." From excerpts contained in the bill of exceptions as to what was said before the auditor, we are of opinion that the conclusion of the judge was justified.

Stephen T. Keefe, Jr., Assistant City Solicitor, for the defendant.
Edward E. Cohen for the plaintiff.

JOHN FERRIS vs. BOARD OF SELECTMEN OF NORWELL & another. May 31, 1962. Final decree reversed. A new final decree is to be entered declaring that the defendant board of selectmen is not required to issue an alcoholic beverage license to the plaintiff. This is a bill in equity for a declaratory decree. G. L. c. 231A. The plaintiff, the owner of a restaurant in Norwell, is the holder of a common victualler's license. The defendants are the board of selectmen and the Alcoholic Beverages Control Commission established under G. L. c. 6, § 43 (as amended through St. 1950, c. 785). The bill alleges that there is a controversy whether the defendant board of selectmen under G. L. c. 138, § 12 (as amended through St. 1959, c. 480), must issue to the plaintiff a common victualler's license for the sale of all alcoholic beverages. No such license has ever been issued in Norwell. The defendant board of selectmen has refused to issue a license to the plaintiff notwithstanding (1) that the town regularly votes "Yes" on all liquor questions on the ballot, (2) that the plaintiff is the only applicant, and (3) that the defendant commission has rendered a decision recommending that the license should issue. The judge ruled that there is a discretion in the board of selectmen as to whether the license should issue. From a final decree dismissing the bill, the plaintiff appealed. There was no error on the merits. *Largess* v. *Nore's, Inc.* 341 Mass. 438, 442. See G. L. c. 138, § 11 (as amended through St. 1947, c. 138, § 3). The bill should not have been dismissed, however. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101.

*John M. Corcoran* for the plaintiff.
*David Lee Turner* for the defendant Board of Selectmen of Norwell.