The First Church of Christ, Scientist, in Boston, Massachusetts *vs.* Alcoholic Beverages Control Commission.

Suffolk. April 5, 6, 1965. — June 7, 1965.

Present: Wilkins, C.J., Whittemore, Spiegel, & Reardon, JJ.

*Certiorari. Alcoholic Liquors,* License, Transfer of location, Alcoholic Beverages Control Commission.

Certiorari does not lie to review an approval by the Alcoholic Beverages Control Commission of a transfer of a liquor license.

Petition for a writ of certiorari filed in the Superior Court on August 16, 1963.

A demurrer to the petition was heard by *Hudson,* J. The case was heard on the merits by *Paquet,* J.

*David Lee Turner,* Assistant Attorney General (*David Berman,* Assistant Attorney General, with him), for the respondent.

*James D. St. Clair* (*John R. Peterson, Peter T. Kennedy & S. Donald Gonson* with him) for the petitioner.

SPIEGEL, J. This is a petition by "a duly organized [c]hurch" for a writ of certiorari to compel the Alcoholic Beverages Control Commission (ABC) to "show cause . . . why . . . [it] should not be ordered to annul, or be restrained from putting into effect . . . [its] order of transfer [of a seven day all alcoholic beverages license from 175 Dartmouth Street, Boston, to 215 Massachusetts Avenue, Boston] and on a hearing of the issues have . . . [its] order of transfer quashed and declared invalid. The respondent demurred on the grounds, inter alia, that the petition "does not set forth facts sufficient to warrant relief," and that there are "alternative statutory procedures available." The demurrer was overruled, and the respondent appealed. The case was subsequently tried on the merits, and the respondent appealed from an order of the Superior Court that "judgment be entered quashing . . . [its] decision . . . approving the transfer" on the ground that the premises to which the transfer was made "are within . . . (500) feet of the petitioner's church edifice" in violation of G. L. c. 138, § 16C.

It is well established that review upon a writ of certiorari "is available only for the purpose of examining and correcting the errors of law manifest upon the record of some tribunal in its performance of judicature, and to restrain the excesses of jurisdiction of inferior courts or officers acting judicially." *Fitzgerald* v. *Mayor of Boston,* 220 Mass. 503, 506. *Clark* v. *City Council of Waltham,* 328 Mass. 40, 41–42. The matter of which the petitioner complains does not fall under this classification. It does not "relate to the exercise of any judicial or quasi judicial functions." *Stacy* v. *Mayor of Haverhill,* 316 Mass. 759. See *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 375. Compare *Cambridge* v. *Railroad Commrs.* 153 Mass. 161, 169. The approval by the ABC of a transfer of a liquor license is discretionary and requires no hearing. G. L. c. 138, § 23. *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 701–702. For these reasons, it is not an adjudicatory proceeding under

G. L. c. 30A. *Id.* at 702. Cf. *Miller* v. *Alcoholic Beverages Control Commn.* 340 Mass. 33, 34–35. Compare *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 494–502. For the same reasons, it cannot be reviewed on a writ of certiorari. See *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 617; *City Bank & Trust Co.* v. *Board of Bank Incorporation,* 346 Mass. 29, 32. Cf. *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 375. Neither *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 702–703, nor *Webster* v. *Alcoholic Beverages Control Commn.* 295 Mass. 572, 573, is inconsistent with this holding. We note that the petitioner cannot invoke the remedy provided by G. L. c. 139, §§ 16 and 16A,[1] as amended by St. 1934, c. 328, §§ 11 and 12, since it is not a legal voter; but we do not reach the question whether it has any remedy at all. Compare *Cleary* v. *Licensing Commn. of Cambridge,* 345 Mass. 257; *O'Connor* v. *Deputy Commr. & Comptroller of the Commonwealth,* 348 Mass. 569. Of course, we do not here intimate any view as to the merits of the substantive matter raised by the petitioner.

The orders overruling the demurrer and quashing the decision of the ABC are reversed. An order is to be entered sustaining the demurrer.

*So ordered.*

---

[1] This section reads in part: "Upon a bill in equity brought in the name of the commonwealth by the attorney general, or district attorney for the district, or the chief of police, or the board or officer having control of the police of the state, or of a town or city, or by not less than ten legal voters of a town or city, in their own names, stating that a building, place or tenement situated therein is being used for the illegal keeping, sale or manufacture of alcoholic beverages . . . the superior court may abate the same as a common nuisance and may enjoin the person conducting or maintaining the same." Section 16 is similar. Either section can be used to test the legality of the issuance or transfer of a liquor license. See *Cleary* v. *Cardullo's, Inc.* 347 Mass. 337, 350–351.