Dixie's Bar, Inc. & another *vs.* Boston Licensing Board
(and a companion case).

Suffolk.   May 7, 1970. — June 16, 1970.

Present: Wilkins, C.J., Cutter, Kirk, Spiegel, & Quirico, JJ.

*Alcoholic Liquors,* Transfer of location, Alcoholic Beverages Control
Commission.  *State Administrative Procedure Act.*

Proceedings before the Boston Licensing Board under G. L. c. 138, § 23,
as amended, for a transfer of location of a liquor license were not
"adjudicatory" proceedings before an "agency" within the State
Administrative Procedure Act, G. L. c. 30A, and there was no statu-
tory basis for an order in a mandamus proceeding "that each individual
. . . [member] of the [b]oard state in writing his reasons for voting
for or against . . . [the] petition" for transfer.  [702]
After a decision by the Alcoholic Beverages Control Commission upon
an appeal under G. L. c. 138, §§ 23, 67, disapproving a failure by a
local licensing board to grant a transfer of location of a liquor license
and remanding the case to the board for further action, "recommending
. . . [that the] transfer be granted forthwith," the board, after con-
sidering the commission's recommendation, was not bound to follow
it.  [702]
The record in a certiorari proceeding, including a transcript of hearings
before a local licensing board and before the Alcoholic Beverages Con-
trol Commission respecting an application for a transfer of location
of a liquor license, and a report of the evidence before the trial judge,
revealed various issues concerning which the board members might
entertain sufficient doubts to permit them in the exercise of their
discretion to deny the transfer.  [703]

Petitions filed in the Superior Court on October 10, 1969.
The cases were heard by *Mitchell,* J.

*Harold Hestnes* (*Stephen H. Oleskey* with him) for the
petitioners.

*William H. Kerr* (*Joseph F. Dalton,* Assistant Corpora-
tion Counsel, with him) for the respondent.

Cutter, J.   Dixie's Bar, Inc. (Dixie's) and Janjer, Inc.
(Janjer) seek to review proceedings before the Boston
Licensing Board (the board) by mandamus and certiorari.
A writ of mandamus was issued.   All parties appealed.

Dixie's and Janjer appeal from the order of a Superior Court judge that the petition for a writ of certiorari be dismissed.

Dixie's was the holder of a license as common victualler, and for seven-day sale of all alcoholic beverages, at 80 Essex Street, Boston. Janjer had premises at 35–41 Lansdowne Street, Boston. Dixie's applied for a license transfer (eighth par. of G. L. c. 138, § 23, as amended through St. 1967, c. 454)[1] from 80 Essex Street to 35–41 Lansdowne Street, Boston. There was also an application by Dixie's and Janjer for permission to transfer to Janjer the license held by Dixie's. After a hearing on February 6, 1969, the board took no further action on either application.

On February 20, Dixie's appealed to the ABC (see fn. 1) from the board's failure to act. See G. L. c. 138, § 67 (as amended through St. 1964, c. 73). After hearing, the ABC by written decision (April 29, 1969) disapproved the failure of the board to grant the transfer of location, and remanded the case to the board "for such action, recommending . . . [that the] transfer be granted forthwith." [2] The ABC appears to have acted primarily with respect to the application for transfer of location.

The board (September 10, 1969), at the petitioners'

---

[1] The pertinent provisions of the eighth par. of § 23 read: "Any license . . . may, upon application by the holder . . . to the licensing authorities issuing the same, be transferred from one location to another . . . . A transfer of location of a license issued by the local licensing authorities shall be subject to the prior approval of the commission [the Alcoholic Beverages Control Commission — ABC]. The local licensing authorities may transfer a common victualler's or innholder's license issued under . . . [c. 140] from one location to another if the applicant therefor is also the holder of a license for the sale of alcoholic beverages at the location from which the transfer is sought. If the local licensing authorities of any city or town refuse to grant or fail to act upon an application for a transfer of location of any license . . . the applicant . . . may appeal to the . . . [ABC under § 67] in the same manner as though such authorities had refused to grant or failed to act upon an application for an original license under this chapter, and all the provisions of . . . [§ 67] shall apply to such an appeal."

[2] The third par. of G. L. c. 138, § 67, as amended, reads: "If the commission approves the action of the local licensing authorities it shall issue notice . . . to that effect, but if the commission disapproves of their action it shall issue a decision in writing advising . . . of the reasons why it does not approve, and shall then remand the matter to the said local authorities for further action. The commission shall not . . . order a license to be issued . . . except after . . . [the] application for license has first been granted by the local authorities."

request, but without public notice, gave them an opportunity to be heard with respect to the ABC's decision. The board's minutes of a meeting, held on September 24, record a purported vote "not to accept the recommendation of the . . . [ABC] by its failure to win a majority vote in the affirmative to the proposed transfer." One board member voted to accept the ABC recommendation. One member (Mr. Callahan) voted to reject it. The chairman abstained.

These proceedings were then commenced. The trial judge made findings and rulings. In these he stated, "It is undisputed that no vote was ever taken by the . . . [b]oard on the . . . application for transfer." He based this conclusion upon the principle "that a board of public officers who must make official decisions . . . must do so by at least a majority vote taken by a duly constituted meeting of the board." See *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605; *Alphen* v. *Shadman,* 330 Mass. 608, 609. See also *Moran* v. *Secretary of the Commonwealth,* 347 Mass. 500, 504.

The judge ordered the petition for a writ of certiorari to be dismissed, but did direct that a writ of mandamus issue, "commanding the [b]oard to act on the . . . petition for change of location within seven days" and "that each individual . . . [member] of the [b]oard state in writing his reasons for voting for or against . . . [the] petition." A return on the writ stated that the board by majority vote had denied the petition for change in location, but that each member had refrained from stating his reasons in writing because an order by a single justice (of this court) had suspended operation of that portion of the writ of mandamus requiring individual statements of reasons.

1. The members of the Boston licensing board are appointed by the Governor. St. 1906, c. 291, § 1. The board (§ 4) exercises the powers of local licensing boards elsewhere. Although a member of the board may be a State, and not a municipal, officer (see *McDonald* v. *Superior Court,* 299 Mass. 321, 324), the board as a whole operates locally only. See *Police Commr. of Boston* v.

*Boston*, 343 Mass. 480, 482–485. The board is subject to some review by the ABC under § 67, which strongly suggests that, even if its members are State officers, the board operates as a city body, not within the term "agency" in G. L. c. 30A, § 1 (2), as amended through St. 1969, c. 838, § 8. The board, in the present instance, was acting under the eighth par. of G. L. c. 138, § 23, as amended, and (on appeal to the ABC) its action was reviewed under § 67.

A transfer of license location under § 23, in most if not all respects, is a matter for the exercise of the board's sound discretion in applying statutory standards. See *First Church of Christ, Scientist* v. *Alcoholic Beverages Control Commn.* 349 Mass. 273, 274–275. See also *Connolly* v. *Alcoholic Beverages Control Commn.* 334 Mass. 613, 617–619; *Turnpike Amusement Park, Inc.* v. *Licensing Commn. of Cambridge*, 343 Mass. 435, 437–438. In the absence of a reasonably specific statutory requirement (in c. 138, §§ 23 and 67) that there be statements of reasons by the board members or of provisions in c. 30A clearly indicating that the Legislature intended that chapter to be applicable, we hold that the proceedings before the board were not "adjudicatory" proceedings before an "agency" within c. 30A. The trial judge understandably concluded that, in the somewhat ambiguous circumstances, a statement of reasons by each board member would be desirable and greatly assist a determination whether the board had acted fairly and properly. In general, of course, statements of reasons, even if not required by c. 30A, tend to ensure administrative justice and to encourage public confidence in the administrative process. We perceive, however, no statutory basis for requiring such statements of reasons with respect to these proceedings under c. 138, § 23.

2. The board members were not bound to follow the recommendation of the ABC. See *Largess* v. *Nore's, Inc.* 341 Mass. 438, 442; *Ferris* v. *Selectmen of Norwell*, 344 Mass. 757. In proceeding to consider the ABC recommendation, as a matter within the board's discretion, the board did all that could properly be required by mandamus.

We see in c. 138, § 67, as amended, no statutory requirement that the ABC recommendation be given any force as "prima facie evidence" comparable to that given to an auditor's report. Cf. G. L. c. 221, § 56.

3. The petition for a writ of certiorari was correctly dismissed. The record includes a transcript of the hearings or conferences (on February 6, and September 10, 1969) before the board, and of the hearing before the ABC (April 1, 1969). The evidence before the trial judge is reported. Examination of the somewhat confusing testimony, before the judge, by one member of the board raises doubt concerning the reasonableness of the board's action. Nevertheless, it is not for us to substitute our judgment for that of the board, if the board's decision had sufficient basis. We cannot say that the record before the board, in this discretionary matter, shows (a) error of law, or (b) that, as matter of law, the board abused its discretion or took capricious or arbitrary action (matters concerning which the judge made no explicit findings). The record before the board and the evidence before the trial judge reveal various issues (e.g. propriety of location, suitability of proposed facilities, adequacy of arrangements for providing food and of available food) concerning which board members might entertain sufficient doubts to permit them to deny a license transfer.

4. The petitioners, at the arguments, properly[3] waived their bill of exceptions which attempted to present for review the exclusion by the judge of testimony concerning a 1969 application for renewal by another licensee (St. George

---

[3] The judge, perhaps, could reasonably have admitted this evidence, at least conditionally (see *Boyd* v. *Lawrence Redevelopment Authy.* 348 Mass. 83, 84), as having possible probative value (see *Reeve* v. *Dennett,* 145 Mass. 23, 27–28) in view of the relationship between Janjer and certain persons associated with St. George Operating Corporation. He was not required to do so, for it was for him to determine, as matter of discretion, whether the testimony offered dealt with collateral matters, or unduly remote events of slight, if any, relevance. See *Robitaille* v. *Netoco Community Theatre of No. Attleboro, Inc.* 305 Mass. 265, 267–269; *Denton* v. *Park Hotel, Inc.* 343 Mass. 524, 527–528. Also, it had been stipulated that "there was no present issue concerning . . . the transfer of . . . Dixie's . . . license . . . to Janjer."

Operating Corporation), which had been somewhat discussed in the evidence.

5. The order that the petition for a writ of certiorari be dismissed is affirmed. The order for judgment in the mandamus proceeding, and the writ in fact issued, must be modified by striking out the provision that the members of the board shall state the reasons for their action. As so modified, the order for judgment and the judgment in the mandamus proceeding are affirmed.

*So ordered.*