MILTON DUBOIS & others *vs*. BOARD OF SELECTMEN OF
DARTMOUTH & others.

Bristol.   June 11, 1974. — November 29, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Alcoholic Liquors,* Transfer of location, Nuisance.   *Nuisance.*

Neither any specific statutory requirement nor the standard of "public
    need" and "common good" appearing in G. L. c. 138, § 23, re-
    quires a local licensing authority to hold a hearing on an applica-
    tion for approval of a transfer of the location of a liquor license;
    and, although a local licensing authority did hold a hearing in
    such an application, approval of the transfer by the authority
    could not be successfully attacked on the ground that no evidence
    supporting the transfer was adduced at the hearing.   [675-678]
A common law private nuisance was not shown by allegations merely
    predicting that certain objectionable conditions would result from
    the operation of a package liquor store at a designated location.
    [678-679]

BILL IN EQUITY filed in the Superior Court on April 3,
1973.

Decrees sustaining demurrers by the defendants Board
of Selectmen of Dartmouth and   A. Realty Corporation,
and a final decree dismissing the bill, were entered by
*Griffin,* J.

*Owen H. Murphy, Jr.,* for the plaintiffs.

*James M. Cronin* for the Board of Selectmen of Dart-
mouth.

ARMSTRONG, J.   The plaintiffs' amended bill in equity
purports to be brought under G. L. c. 139, § 16A, as
amended through St. 1934, c. 328, § 12.   It seeks to
abate as a common nuisance the sale of alcoholic bever-
ages by a package store in the town of Dartmouth, to set

aside the transfer of a license to those premises, and to revoke the license. The plaintiffs, sixteen in number, are alleged to be voters of the town of Dartmouth; some are also alleged to be abutters or close neighbors of the package store premises. The defendants are (1) the members of the town's board of selectmen acting as its licensing board (board), and (2) the owner of the premises, and (3) the licensee. The board and the owner of the premises both filed demurrers, which were sustained. The plaintiffs have appealed from the interlocutory decrees sustaining the demurrers and from the final decree dismissing the amended bill. [1]

The plaintiffs contend that their amended bill states "two basic causes of action, one in public nuisance under . . . [G. L. c. 139, §§ 16 and 16A] and one based on common law private nuisance." We agree with the Superior Court that the bill does not state any cause of action and therefore affirm.

1. A question whether a license has been lawfully issued or transferred is properly raised by a suit brought under G. L. c. 139, § 16A. *Cheney* v. *Coughlin,* 201 Mass. 204 (1909). *Largess* v. *Nore's Inc.* 341 Mass. 438 (1960). *Cleary* v. *Cardullo's Inc.* 347 Mass. 337, 350-351 (1964). *First Church of Christ, Scientist* v. *Alcoholic Beverages Control Commn.* 349 Mass. 273, 275, n. 1 (1965). *Jasper* v. *Michael A. Dolan, Inc.* 355 Mass. 17, 18 (1968).

The allegations of the amended bill which bear on the asserted illegality of the transfer are that when it was applied for, three hundred persons signed a petition in protest thereof; that the board called a public hearing at which no evidence was offered in support of the transfer; that such testimony as there was at the hearing consisted

---

[1] The plaintiffs do not raise, and we do not consider, the procedural question whether it may have been error to dismiss the amended bill generally, instead of only as to those defendants who filed demurrers. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972).

of protests against the transfer by the plaintiffs and others; that, notwithstanding the absence of evidence showing the transfer to be "in the public need and common good," the board, by two-to-one vote, approved the transfer; and that the transfer is, in fact, against "the public need and common good" because the neighborhood to which the transfer was permitted (1) is already served by another package store (owned by the plaintiff Dubois) licensed to sell all alcoholic beverages, and (2) is endangered by traffic and congestion to such extent that the selectmen for that reason denied the application of a well known oil company to locate some unspecified facility there.

The gravamen of these allegations appears to be that the approval of the transfer by the board was unlawful for two reasons: first, the absence of supporting evidence adduced at a hearing and, second, non-compliance with a standard of "public need and common good" which, the plaintiffs contend, is mandated by G. L. c. 138, § 23 (eighth paragraph).[2]

The plaintiffs cite no statute, and we find none, which requires a hearing by a local licensing board on an application for a transfer of location of a liquor license. General Laws c. 138, § 23 (eighth paragraph), provides that a "license issued under this chapter may, upon application pursuant to . . . [G. L. c. 138, § 15A],[3] be transferred

---

[2] The plaintiffs cite that part of § 23 which provides: "The provisions for the issue of licenses and permits hereunder imply no intention to create rights generally for persons to engage or continue in the transaction of the business authorized by the licenses or permits respectively, but are enacted with a view only to serve the public need and in such a manner as to protect the common good and, to that end, to provide, in the opinion of the licensing authorities, an adequate number of places at which the public may obtain, in the manner and for the kind of use indicated, the different sorts of beverages for the sale of which provision is made."

[3] The hearing requirement in the first paragraph of § 15A applies only to applications for original licenses.

from one location to another . . . with the approval of
the licensing authorities." General Laws c. 138, § 1,
defines " [l]icensing authorities" as "the commission or the
local licensing authorities, or both, as the case may be."
It has been held that the "approval by the . . . [Alcoholic
Beverages Control Commission] of a transfer of a liquor
license is discretionary and requires no hearing. G. L.
c. 138, § 23. *Springfield Hotel Assn. Inc.* v. *Alcoholic
Beverages Control Commn.* 338 Mass. 699, 701-702
[1959]." *First Church of Christ, Scientist* v. *Alcoholic
Beverages Control Commn.* 349 Mass. 273, 274 (1965).
We find no basis in § 23 for ruling otherwise with respect
to approval of a transfer by the local board.

Furthermore, it is not apparent that any purpose
would have been served by an evidentiary hearing on the
transfer application because (1) § 23 does not prescribe
any objective criteria which had to be complied with
before the application could be approved,[4] and (2) the
board was not required even to state the reasons for its
action on the application. *Dixie's Bar, Inc.* v. *Boston
Licensing Bd.* 357 Mass. 699, 702 (1970).

The standard for a valid approval of a transfer sug-
gested by the plaintiffs, namely, "public need and
common good," does not suggest the appropriateness of
an evidentiary hearing or of review by a court to deter-
mine whether the decision is supported by substantial
evidence. That standard does not require the local board
to determine facts of an adjudicative nature. Cf. *Milli-
gan* v. *Board of Registration in Pharmacy*, 348 Mass.
491, 495, 500-501 (1965). It suggests instead "a political
question, one of governmental policy peculiarly for the
determination of an administrative department." *Natick
Trust Co.* v. *Board of Bank Incorporation*, 337 Mass.

---

[4] So far as appears from the amended bill, no written objection had
been filed by a church or school under G. L. c. 138, § 16C, as
amended through St. 1971, c. 586, § 2, nor is there any suggestion
that there is a church or school in the vicinity.

615, 617 (1958). See *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 375 (1957); *Miller* v. *Alcoholic Beverages Control Commn.* 340 Mass. 33, 34-35 (1959); *Reid* v. *Acting Commr. of Community Affairs,* 362 Mass. 136, 142-145 (1972).

The cases relied on by the plaintiffs are distinguishable. In *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79 (1968), the statutes in question, unlike G. L. c. 138, § 23, called for a hearing prior to the governmental action sought, and prescribed an objective standard which depended on the existence of a fact which the court determined to be adjudicative in nature. In *Dixie's Bar, Inc.* v. *Boston Licensing Bd.* 357 Mass. 699, 703 (1970), which in relevant part involved a petition for a writ of certiorari, it was merely held that the petition was properly dismissed because no error of law, abuse of discretion, or arbitrary or capricious action was shown on the record. The factual allegations of the amended bill before us do not evince error of law, abuse of discretion, or arbitrary or capricious action.

2. The allegations of the amended bill which bear on private nuisance are cast in terms of predictions as to conditions (noise, traffic congestion, litter, and the like) which (it is said) will in the future attend the operation of the package store. So far as appears, the package store has not yet commenced operation, and the conditions have not yet arisen. Predictions are not facts. They are inferences or conclusions drawn from facts and, as such, unless they are supported by particular facts alleged, are not admitted on demurrer. See *Shuman* v. *Gilbert,* 229 Mass. 225, 230 (1918); *Laughlin Filter Corp.* v. *Bird Mach. Co.* 319 Mass. 287, 290 (1946). The only material facts well pleaded and conclusions to be drawn therefrom which can be taken as admitted on demurrer (see *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 26-27 [1932]) are that the license has been transferred to the premises and that the defendant licensee intends to and will operate those premises as a

package store. These allegations do not make out a cause of action in private nuisance. *Cook* v. *Fall River,* 239 Mass. 90 (1921). *Whitcomb* v. *Vigeant,* 240 Mass. 359 (1922). *Mullholland* v. *State Racing Commn.* 295 Mass. 286, 291 (1936). One is not, of course, required to wait until he is injured before he can apply for injunctive relief. *Armstrong Cork & Insulation Co.* v. *Walsh,* 276 Mass. 263, 274 (1931). *Shaw* v. *Harding,* 306 Mass. 441, 449 (1940). *Cedric G. Chase Photographic Labs. Inc.* v. *Hennessey,* 327 Mass. 137, 139 (1951). Ordinarily, however, "Such an anticipatory injunction cannot be obtained where the nuisance depends upon the *way* in which an enterprise is conducted, rather than upon the essential character of the enterprise itself." Powell, Real Property, § 707, p. 344.6 (1971).

> *Interlocutory decrees affirmed.*
> *Final decree affirmed.*