BOSTON LICENSING BOARD vs. ALCOHOLIC BEVERAGES
CONTROL COMMISSION & another.[1]

No. 87-463.

Suffolk.   February 18, 1988. — August 9, 1988.

Present: ARMSTRONG, DREBEN, & WARNER, JJ.

Further appellate review granted, 403 Mass. 1104 (1988).

*License. Alcoholic Liquors,* License, Change in description of licensed
premises, Alcoholic Beverages Control Commission.

The Alcoholic Beverages Control Commission was without jurisdiction un-
der G. L. c. 138, § 67, to order a local licensing authority to approve
an application for a change of description of premises licensed to sell
alcoholic beverages to include the adjoining premises. [276-278]
On an appeal by a local licensing authority from a decision of the Alcoholic
Beverages Control Commission, there was no merit to the commission's
contention that the local authority was required to appear at the "reappeal"
hearing provided by G. L. c. 138, § 67, in order to preserve its objection
to the commission's exercise of jurisdiction. [278]

CIVIL ACTION commenced in the Superior Court Department
on March 27, 1986.

The case was heard by *Haskell C. Freedman,* J., sitting
under statutory authority.

*Harrison A. Fitch (Jean M. DeLuca* with him) for the plain-
tiff.

*Alice E. Moore,* Assistant Attorney General, for the Al-
coholic Beverages Control Commission.

*Evan T. Lawson* for Charles Street Liquors, Inc.

ARMSTRONG, J. Charles Street Liquors, Inc., a package store
located at 143 Charles Street in Boston, sought a change in de-
scription of the licensed premises to include 137, 139 and 141
Charles Street. The practical effect of the change would be to
expand the package store into an area formerly used as a beauty

---

[1] Charles Street Liquors, Inc.

parlor at 139 Charles Street. The application was denied by
the Boston Licensing Board (local board), citing what it re-
garded as an excessive number of package stores on Charles
Street between Beacon and Cambridge Streets. On appeal the
application was favored by the Alcoholic Beverages Control
Commission (commission) in order to facilitate bottle returns
under G. L. c. 94, §§ 321-327; the commission found that the
applicant is more conscientious than the other Charles Street
licensees in accepting such returns. It ordered the local board
to reconsider its decision. The local board took the position
that the commission had no jurisdiction over denials of appli-
cations for changes in descriptions of licensed premises and
voted to let its earlier decision stand. On further appeal the
commission ruled that the application was a request for a mod-
ification and that it had jurisdiction over modification appeals
under G. L. c. 138, § 67. It ordered the local board to amend
the license in the manner applied for by Charles Street Liquors,
Inc. The commission's decision was upheld by the Superior
Court, and the case is before us on the appeal of the local board.

Section 67 provides explicitly (by the first and sixth para-
graphs) that the commission may overrule a local board,
through the circuitous "reappeal" procedure, when the local
board refuses to rescind or alter a decision "modifying, cancel-
ling, revoking, or declaring forfeited" a license.[2] It is equally
clear, under G. L. c. 138, § 23, eighth par., and § 67, third
par., that the commission has no similar power to override a
local board's rejection of an original grant of a license or a
refusal to transfer the location of a license. *Largess* v. *Nore's,
Inc.*, 341 Mass. 438, 442 (1960). *Ferris* v. *Selectmen of Nor-
well*, 344 Mass. 757 (1962). *Dixie's Bar, Inc.* v. *Boston Licens-
ing Bd.*, 357 Mass. 699, 702-703 (1970). *Selectmen of Sudbury*
v. *Alcoholic Beverages Control Commn.*, 25 Mass. App. Ct.
470, 472 (1988).

An application for a change in the description of licensed
premises is mentioned in three places in G. L. c. 138: § 15A,

---

[2] Section 67, first par., as amended by St. 1953, c. 672. Contrast, as to
a license suspension, *Selectmen of Clinton* v. *Alcoholic Beverages Control
Commn.*, 17 Mass. App. Ct. 905 (1983).

second par., and § 23, fourth and eighth pars. None of the references discusses the subject of appeal to the commission, from which the local board draws the inference that no appeal lies. Without passing on the correctness of that inference, we think it significant that in § 23, eighth par., and § 15A, second par., an application for change of description of the licensed premises is treated with an application for a transfer of location (and, in § 15A, with an application for an original license) for regulatory purposes, rather than with the various local board actions (such as modification, revocation, cancellation, forfeiture, and nonrenewal) that are subject to commission override. The analogy is plausible: what a change of description (at least of the type envisioned here), an original grant of a license, and a transfer of location of an existing license have in common is that they authorize liquor sales in a location (or on premises) where such activity has not previously been approved by the local licensing authority.[3]

It is true that § 67, first par., authorizes an appeal to the commission by "any person who is aggrieved by the action of [a local licensing board] in modifying . . . [a license]," and the sixth paragraph[4] provides for reappeal (with final effect) to the commission by "any licensee who is aggrieved by the action of the local [board] modifying . . . a license," despite a contrary decision of the commission; but here there has been no decision by the local board modifying the license of Charles Street Liquors, Inc. The fourth paragraph of § 23, as amended by St. 1971, c. 260, § 2, which requires a local board to send notification to the commission when it denies a licensee's application for a change of description of the licensed premises,

---

[3] Under § 23, ninth par., the commission apparently may override a decision of a local board denying a transfer of an existing license from one holder to another ("the decision of the commission upon such appeal shall be final"), but such a transfer does not authorize an extension of liquor sales to a location not previously approved by the local board.

[4] The right of appeal in the sixth paragraph, as inserted by St. 1955, c. 461, is restricted to licensees objecting to local board decisions "modifying, cancelling, revoking, or declaring forfeited a license or failing to [renew] a license," suggesting that the type of modification contemplated is restrictive in nature.

does not imply that the commission may override the local board decision. Similar notification is required when the local board denies an application for an original license and when it denies an application to transfer an existing license to a new location.

There is no merit to the suggestion that the local board was required to appear at the reappeal hearing in order to preserve its written objection to the commission's jurisdiction.

The judgment is reversed, and a new judgment is to be entered declaring that the commission is without jurisdiction to require that the application of Charles Street Liquors, Inc., for a change in description of the licensed premises be approved by the local board.

*So ordered.*