Gershengorn, J.
This matter comes before the court on the petition of plaintiff, McDonald’s Cafe, Inc. (“McDonald’s”) for judicial review of the decision of the Board of License Commissioners for the City of Everett (“Board”) denying McDonald’s application for a seven-day liquor license in the city of Everett. McDonald’s asserts that the denial of its application was arbitrary and capricious and was not supported by substantial evidence.
Specifically, McDonald’s argues that the Board acted arbitrarily and capriciously when the Board denied its petition for a seven-day license because the Board has consistently denied all similar applications, yet has consistently renewed previously-granted seven-day licenses. McDonald’s also contends that the Board’s conclusion that granting a seven-day license would not be in the best interest of the City is not supported by substantial evidence.
BACKGROUND
Procedural History
McDonald’s Cafe operates a restaurant and drinking establishment at 206-208 Ferry Street in Everett. McDonald’s currently holds a six-day license to serve all alcoholic beverages. In November of 1992, McDonald’s applied for a seven-day license to serve all alcoholic beverages. On March 22, 1993, the Board held a meeting at which three persons testified in favor of the application: Michael Márchese, owner of McDonald’s Cafe; Alderman David Ravanesi; and Alderman Joseph Márchese. There was no testimony in opposition of the application. On March 31, 1993, the Board sent written notice of its denial, stating that the Board had concluded that granting the petition would not be in the best interest of the City. No further explanation or reason was stated in that notice.
McDonald’s Cafe timely appealed the Board’s denial to the ABCC, pursuant to G.L.c. 138, §67. The ABCC held a hearing on May 26, 1993. A transcript of the testimony before the Board of License Commissioners was introduced into evidence. In addition, the ABCC heard testimony from Robert E. Jordan, Jr., member of the Everett Board of Licensing Commissioners: Michael Márchese, manager of McDonald’s Cafe; and Joseph Márchese, member of the Everett City Council.
On June 23, 1993, the ABCC issued findings of fact and stated: “Based on the evidence heard, the Commission disapproves the action of the Everett Board and remands the matter for further hearing. The Commission recommends that the Board approve the petition with reasonable conditions or disapprove the petition with a written statement of reasons . . .”
On July 8, 1993, the Everett Board of License Commissioners issued a decision stating that it had voted to reaffirm its denial and formally adopted reasons for its decision. Noting that McDonald’s food sales constitute only 15% of its total sales, the Board stated that it had concluded there was no public need for another bar to be open on Sundays as any such need is adequately met by establishments which are already licensed to be opened on Sundays. The Board noted that McDonald’s Cafe was located between two such establishments. The Board also stated that its first duty was to keep the City reasonably quiet.
McDonald’s attempted to appeal the July 20, 1993 decision to the ABCC pursuant to c. 138, §67. The ABCC stated that it had no jurisdiction over a re-ap *8 peal of the denial of a license. McDonald thereafter filed a complaint in this court seeking review of the decisions of the ABCC and the Board.
Evidence Before Everett Board of License Commissioners
The testimony before the Board indicated that McDonald’s Cafe is a family business which provides bar service and full kitchen service. The company supports community activities, particularly by sponsoring local sports teams. There have never been any complaints to the Board and there was evidence that there were no parking problems because McDonald’s owns a nearby parking lot. Alderman Márchese noted there were no establishments within the City limits serving a varied menu on Sundays. McDonald’s presented petitions expressing support for granting a seven-day license bearing the signatures of eighty-five Everett residents.
Evidence Before Alcoholic Beverages Control Commission
The transcript of the hearing before the Everett Board was introduced at the ABCC hearing. The ABCC heard additional testimony similar to that presented to the Everett Board. There was uncontroverted evidence that McDonald’s was a neighborhood bar with food service, in a quiet neighborhood, and no complaints had ever been reported to the Board. Michael Márchese stated that if a seven-day license was granted he anticipated that the clientele would be neighborhood customers and various sports leagues.
DISCUSSION
Local liquor licensing boards are not state agencies and, therefore, decisions of those boards are not subject to review under c. 30A, §14. Dixie’s Bar, Inc. v. Boston Licensing Board, 357 Mass. 699, 702 (1970). While a decision of a local licensing board cannot be reviewed under the Administrative Procedure Act, it may be reviewed in an action in the nature of certiorari, pursuant to G.L.c. 249, §4. Id. In reviewing such decisions, the court must extend due deference to a local licensing board, recognizing the special expertise such a board has regarding the special problems that affect liquor licensing. Great Atlantic & Pacific Tea Co. v. Board of License Commissioners of Springfield, 387 Mass. 833, 837 (1983). The party appealing an administrative decision bears the burden of demonstrating that the decision is invalid. Registrar of Motor Vehicles v. Board of Appeal of Motor Vehicle Liability Policies & Bonds, 382 Mass. 581, 592 (1981); Merisme v. Board of Appeals of Motor Vehicle Liability Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
A local board’s decision will not be disturbed unless the record discloses an error of law or that the board acted arbitrarily and capriciously or abused its discretion. Dixie’s Bar, Inc., supra, at 703. The standard of review of a local board’s decision is somewhat less rigorous than review of an administrative agency under c. 30A, as the record need only disclose “sufficient basis” for the decision, rather than “substantial evidence” to support the decision. Great Atlantic & Pacific Tea Co., supra, at 837 & n. 9; Dixie's Bar. Inc., supra, at 703; see Griffin’s Brant Rock Package Store, Inc. v. Alcoholic Beverages Control Commission, 12 Mass.App.Ct. 768, 770 (1981) (describing heightened substantial evidence standard).
Absent a statutory provision establishing greater rights, liquor licenses may be granted or revoked at will and do not confer any property rights. Opinion of the Justices, 349 Mass. 794, 797 (1985). A local board may refuse to grant any liquor licenses, even if the community has voted in favor of issuing such licenses. Ferris v. Selectmen of Norwell, 344 Mass. 757, 757 (1962). Thus, the Everett Board may refuse to grant any seven-day licenses at all.
McDonald’s argues that even if the Board is not required to issue seven-day licenses, the fact that it continues to renew the five licenses issued in the past constitutes arbitrary and capricious action. Even if one or more of those establishments is extremely similar to McDonald’s in character and facilities, this does not establish that the action was arbitrary. These other licenses came before the Board as renewal applications, not original applications. There is a statutory presumption that applicants are entitled to renewal; there is no such presumption for original applications. G.L.c. 138, §16A. Because these applications are governed by different standards, the differential treatment is not arbitrary and capricious. It is within the Board’s discretion to adopt a policy of not granting any new licenses.
McDonald’s also argues that the Board’s decision must be set aside because the Board did not issue written guidelines or criteria governing its consideration of applications for seven-day licenses. Local boards are not state agencies and, thus, are not required under the Administrative Procedures Act to promulgate regulations. United Food Corp. v. Alcoholic Beverages Control Commission, 375 Mass. 238, 243 (1978). Local boards enjoy wide discretion to determine whether applications should be granted. Cf. Boston Licensing Board v. Alcoholic Beverages Control Commission, 26 Mass.App.Ct. 275, 276 (1988) (local authority denied application citing high concentration of package stores in immediate vicinity). There was no error in the Board’s failure to establish written guidelines.
The Board concluded that there was no public need for another bar to be open on Sundays, noting that McDonald’s was located in between two of the establishments that have seven-day licenses. Judging the public need for services falls within the scope of knowledge and expertise of local licensing boards to which this court must defer. There was a sufficient basis for the Board’s decision.
*9 ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Board of License Commissioners of the Ciiy of Everett denying the application of McDonald’s Cafe, Inc., is AFFIRMED.