CITY COUNCIL OF BOSTON *vs.* DEPARTMENT OF PUBLIC
UTILITIES & another.[1]

Suffolk.   December 13, 1978. — April 13, 1979.

Present: HALE, C.J., ROSE, & BROWN, JJ.

*Boston. Carrier,* Of passengers, License. *Constitutional Law,* Home
Rule Amendment, Municipalities. *Municipal Corporations,* Home
rule.

Statute 1973, c. 527, and St. 1975, c. 306, giving the Department of
Public Utilities the authority to grant licenses for the purpose of
carrying passengers for hire between certain locations in Boston
and locations outside of Boston, do not conflict with the Home Rule
Amendment since the predominant purposes of the statutes are to
achieve State, regional or general objectives. [381-382]

CIVIL ACTION commenced in the Superior Court on July
22, 1975.

A motion for summary judgment was heard by *Garrity,*
J.

The case was submitted on briefs.

*Joseph M. Tierney* for the plaintiff.

*Margot Botsford,* Assistant Attorney General, for the
Department of Public Utilities.

*William Shields, III,* for Hudson Bus Lines, Inc.

BROWN, J. The issue here is the constitutionality of
two statutes, St. 1973, c. 527 (c. 527), and St. 1975, c. 306
(c. 306), under art. 2 of the Amendments to the Constitu-
tion of the Commonwealth as appearing in art. 89 of the
Amendments (the so called Home Rule Amendment,
hereafter referred to simply as art. 89).

The Boston city council (council) commenced this ac-
tion in the Superior Court seeking a declaration that both

---

[1] Hudson Bus Lines, Inc.

c. 527 and c. 306 are unconstitutional because enacted in violation of art. 89. It also sought injunctions prohibiting the Department of Public Utilities (DPU) from issuing licenses pursuant to either statute and the defendant Hudson Bus Lines, Inc. (Hudson), from operating its motor vehicles pursuant to the license it held under c. 527. Motions for summary judgment were filed by all parties. See Mass.R.Civ.P. 56, 365 Mass. 824 (1974). A judge of the Superior Court allowed the defendants' motions for summary judgment and ordered that judgment enter dismissing the council's complaint and declaring that both c. 527 and c. 306 "are valid enactments of the Massachusetts legislature." The council is appealing from the ensuing judgment.[2] There was no error of substantive law.

Pursuant to c. 527, the defendant Hudson was granted a license to carry passengers to and from Boston's Logan airport and several locations outside the city of Boston. Chapter 527 provides in part that the DPU "may, with the approval of the mayor of the city of Boston, issue licenses for the operation of motor vehicles carrying passengers for hire to and from locations outside the city of Boston . . . ." And c. 306 provides in part that the DPU "may, with the approval of the mayor of the city of Boston, issue licenses for the operation of motor vehicles carrying passengers for hire to and from a major regional transportation terminal in the city of Boston and locations outside the city of Boston . . . ." See *Boston* v. *Hospital Transp. Servs. Inc.*, 6 Mass. App. Ct. 198, 199 (1978).

Although the DPU had not issued any licenses pursuant to c. 306 at the time this action was commenced, we think an actual controversy exists between the parties. The judge's "Memorandum and Order" indicates that several applications have been made for licenses to operate pursuant to c. 306. "One is not, of course, required to wait until he is injured before he can apply for injunctive

___

[2] Apparently by inadvertence the judgment does not contain the declaration set forth in the order for judgment.

relief." *Dubois* v. *Selectmen of Dartmouth*, 2 Mass. App. Ct. 674, 679 (1974). We think the anticipated injury is "so near as at least to be reasonably imminent," thereby entitling the plaintiff to seek relief. Contrast *Shaw* v. *Harding*, 306 Mass. 441, 449 (1940).

The linchpin of the council's argument is that because c. 527 and c. 306 are special laws which relate only to one city they violate art. 89. We cannot agree. Compare *Belin* v. *Secretary of the Commonwealth,* 362 Mass. 530, 533-534 (1972).

A plaintiff carries a heavy burden when challenging the constitutionality of a legislative enactment. Our Supreme Judicial Court "has stated that it will afford a presumption of constitutionality to the legislative enactment which means that all rational inferences are made in favor of the legislation." *Commonwealth* v. *Henry's Drywall Co.,* 366 Mass. 539, 541 (1974).

Section 8 of art. 89 states that "[t]he general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two." See *Belin* v. *Secretary of the Commonwealth, supra.* The statutes being challenged by the council alter the authority of the council to grant licenses for the transportation of passengers for hire. Cf. *Boston* v. *Hospital Transp. Servs. Inc., supra* at 199-200. The granting of licenses for the operation of commercial passenger vehicles in cities and towns is primarily governed by G. L. c. 159A. In general, under G. L. c. 159A, § 1, the authority to grant licenses for the purpose of carrying passengers for hire upon public ways in any city or town is given to the city council and selectmen of such cities and towns. However, pursuant to c. 527 and c. 306, the authority to grant such licenses is also given to the DPU for the purpose of transporting passengers between certain locations in Boston and locations outside of Boston. Moreover, both statutes make specific reference to G. L. c. 159A ("Notwithstanding any provision[s] of [G. L. c. 159A] . . . to the contrary").

The statutes in question obviously have some "special effect" upon Boston. This does not necessarily bring the statutes into conflict with art. 89. "We do not interpret the words 'to act in relation to cities and towns' as precluding the Legislature from acting on matters which are of State, regional, or general concern, even though such action may have special effect upon one or more individual cities or towns." *Opinions of the Justices,* 356 Mass. 775, 787-788. The judge ruled that the "predominant purposes" of c. 527 and c. 306 "are clearly to achieve regional objectives." We agree. We think that by providing for the transportation of passengers between Boston and various locations outside of Boston the Legislature was acting on "a matter of State, regional, or general concern, and thus an area in which the Legislature retained law-making authority." *Hadley* v. *Amherst,* 372 Mass. 46, 50 (1977). As the statutes in issue are designed for the general benefit of Boston and communities and persons outside of Boston, they are "at least regional legislation and [have] some Statewide effect." *Opinions of the Justices, supra* at 788. In sum, since "the predominant purposes of [the statutes] are to achieve State, regional, or general objectives, we think that, as heretofore, the Legislature possesses legislative power, unaffected by the restrictions in art. 89, § 8" (*id.*) to enact them validly. See also *Arlington* v. *Board of Conciliation and Arbitration,* 370 Mass. 769, 773 (1976).

The judgment is to be modified by the inclusion in it of the declaration set forth in the order for judgment (see note 2, *supra*) and, as so modified, is affirmed.

*So ordered.*